James TURNER, et al., Plaintiffs,

v.

LOCAL LODGE # 455, INTERNATIONAL BROTHERHOODS OF BOILERMAKERS, IRON SHIPBUILDING, BLACKSMITHS, FORGERS AND HELPERS, A.F.L.–C.I.O., et al., Defendants.

James PETTY, et al., Plaintiffs,

v.

LOCAL LODGE # 455, etc., et al., Defendants.

Nos. CV 81–M–1666, CV 81–M–1710.

United States District Court,
N. D. Alabama, S. D.

Dec. 23, 1981.

---

2. In *Lemlich v. Schweiker*, supra, the district court reached the plaintiff's due process claim. However, the issue in that case was whether the constitution required a full evidentiary hearing prior to the suspension of benefits. The court held that a post-evidentiary hearing was adequate. Intervention in *Lemlich* was appropriate because further agency proceedings would not have resolved the constitutional issue before the court.

Charlie D. Waldrep, Waldrep, Stewart & Kendrick, Birmingham, Ala., for James Turner et al.

Earl V. Brown, Jr., Robert H. Stropp, Jr., Cooper, Mitch & Crawford, Birmingham, Ala., John Blake, Gen. Counsel, Joseph W. Moreland, Intern. Broth. of Boilermakers, Kansas City, Kan., for defendants.

Carol Ann Rasmussen, Birmingham, Ala., for James Perry et al.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

These consolidated cases are before the court after a hearing upon a motion for preliminary injunction. The cases come under the Labor Management Reporting and Disclosure Act. The plaintiffs allege discipline by the union without procedural due process, in violation of a provision of the act codified as 29 U.S.C.A. § 411(a)(5). The cases are another in a series in which defendant local is alleged to have disciplined members for failing to cross picket lines of other unions as required by collective bargaining agreements. *See, e.g., Local Lodge # 455, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers, and Helpers, A.F.L.–C.I.O. v. Terry*, 398 F.2d 491 (5th Cir. 1968), in which union members were fined for crossing a picket line; *also, Blazer v. Local Lodge # 455, International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers, and Helpers, A.F.L.–C.I.O.*, CV 81–PT–843–S (N.D.Alabama 1981), in which union members were benched for failing to cross a picket line.

For purposes of considering these motions, the defendant stipulated to the facts: that on August 21, 1981 plaintiffs, members of the local union, reported to work at the Global Erectors construction site in Gallatin, Tennessee, where they encountered a picket line set up by the Pipefitters' local; that there were signs of potential violence at the site—baseball bats, clubs, and a high powered rifle—and the plaintiffs refused to cross the picket line; that the impasse continued for several days, until, on August 31, an officer of the defendant local organized a group to cross the Pipefitters' picket line; that the plaintiffs were at least indirectly instructed to join the group but did not; and that as a direct result of this failure the plaintiffs were benched for ninety days.

The defendant's proof explained their hiring hall arrangement and how the benching resulted from it. The defendant operates an exclusive hiring hall for contractors who sign the Southeastern States Articles of Agreement. The hiring hall refers to signatory contractors both union and nonunion workers in a nondiscriminatory manner. The collective bargaining agreement mandates a ninety-day benching of employees who insist on recognizing illegal picket lines, such as the one set up by the Pipefitters. It is not disputed that the contractor here invoked the benching rule. The union's role was simply ministerial—to carry out the benching required by the collective bargaining agreement.

The question is whether the union's action constitutes discipline. The Fifth Circuit is in accord with the weight of authority in holding that interference with employment relationship can constitute discipline, when it is a function of some internal union status such as a hiring hall. *Miller v. Holden*, 535 F.2d 912, 915 (5th Cir. 1976). *Miller*, the leading Fifth Circuit case, concentrates on motive and the manner the penalty is enforced, holding:

> Union action which adversely affects a member is "discipline" only when (1) it is undertaken under color of the union's right to control the member's conduct in order to protect the interests of the union or its membership, and (2) it directly penalizes him in a way which separates him from comparable members in good standing.

*Miller*, 535 F.2d at 915. The part of the *Miller* test that fails here is the requirement that the action be undertaken by the union as a part of its right to control members' conduct. This requirement is absent because the action was undertaken by the contractor to guarantee a stable work force.

■ Although employer-union collusion to deny the plaintiffs work could be discipline, where the union without any discretion of its own benches a member at the behest of the employer, discipline has not occurred. Thus in *Figueroa v. National Maritime Union of America, A.F.L.–C.I.O.,* 342 F.2d 400 (2nd Cir. 1965), it was not discipline for a union to discontinue referring the plaintiff to work because of an employer's rule against hiring seamen with narcotics convictions. The union in *Figueroa* went beyond the defendant here; it barred the plaintiff from union membership. Where the union member loses work through action of the employer, and the union action simply ratifies the employer's action, discipline does not occur. *Rekant v. Shochtay-Gasos Union Local # 445 of the Amalgamated Meat Cutters and Butcher Workmen of North America*, 320 F.2d 271 (3rd Cir. 1963).

■ Union motive is the central inquiry in determining what is and is not discipline. Thus where the union action was the reclassification of a member as not working at the trade because that member has not sought work, the union was *not* seeking to punish. *Williams v. International Typographical Union, A.F.L.–C.I.O.*, 423 F.2d 1295 (10th Cir.), *cert. den.* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970); also, *Macaulay v. Boston Typographical Union*, 474 F.Supp. 344 (D.Mass.1979). Yet where a local of the same union denied plaintiff work for operating a nonunion shop, the action was to punish and therefore was discipline. *Caravan v. Reading Typographical Union No. 86*, 381 F.Supp. 14 (E.D.Penn. 1974).

■ These cases compel the result here. The union is not acting to punish but rather acted ministerially under its duty to the contractor under the agreement. The cases also compel the court to respectfully disagree with the holding in *Blazer v. Local Lodge # 455*, CV 81–PT–843–S, which held a similar application of the same policy to be discipline. The preliminary injunction is due to be denied.